UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00642-JHM

KING JOSEPH X                                                                                    PLAINTIFF

V.

LIBERTY MUTUAL GROUP, INC.                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Liberty Mutual Group, Inc., to exclude unauthenticated medical bills and summaries [DN 33]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

On May 9, 2015, Plaintiff was injured in a car accident when the car in which he was riding was hit by another vehicle. At the time of the accident, Plaintiff was the passenger in a vehicle that was insured under a policy of insurance issued by Defendant that contained underinsured motorist (UIM) coverage. Plaintiff was treated at Jewish Hospital with complaints of head, neck, and back pain. Plaintiff received PIP benefits paid by Defendant. Plaintiff settled his claim against the driver that caused the accident and his insurance company, Nationwide, for the policy limits of $25,000. Plaintiff then made a demand for the underinsured motorist coverage "policy limits" against Defendant on February 16, 2016. After reviewing Plaintiff's medical records, Defendant denied the claim. As a result of the denial of the UIM benefits, Plaintiff filed the current action.

### II. DISCUSSION

Defendant moves to exclude from the trial of this case any unauthenticated medical bills

and summaries. Defendant represents that Plaintiff's counsel may intend to offer a stack of medical bills and a summary, prepared by the attorney's office, purporting to be medical expenses that Plaintiff alleges to have incurred since the accident. Defendant maintains that no doctor or other qualified witness has given competent testimony indicating that the expenses set out on those documents were reasonable and necessary or that they were causally related to the subject accident. Defendant contends that no records custodian has been identified who may authenticate the documents, nor did Plaintiff produce certified medical bills or summaries during discovery. Further, Defendant requests the Court to prohibit Plaintiff from informing the jury of the amount of any medical expenses until the bills have been authenticated, that each of the expenses thereon were for medically necessary services, and that each of the expenses are causally related to the accident which is the subject of this accident.

In response, Plaintiff argues that the Defendant attempts to improperly remove the burden placed on Defendant by statute and shift it to the Plaintiff. According to Plaintiff, KRS § 304.39-020(a) creates a presumption that produced medical bills are reasonable. The burden then shifts to the Defendant in order to rebut this presumption and avoid a possible directed verdict for the Plaintiff. Further, Plaintiff argues that there is no burden that Plaintiff must authenticate, show the medical expenses were medically necessary, and show that each expense was casually related to the subject collision **before** the expense may be presented to the jury.

**A. Authentication**

Any medical records sought to be introduced by the Plaintiff at the trial of this matter must be authenticated pursuant to Fed. R. Evid. 901 or 902. Plaintiff has the burden to provide the authentication of the medical records consistent with the Federal Rules of Evidence. With respect to the medical bills, Plaintiff may authenticate the medical bills himself. Plaintiff may

testify that he received medical treatment from a medical provider related to the injuries he allegedly sustained in the collision and he can submit the bill he received from that medical provider. Cervetto v. Powell, 2016 WL 9460456, at *5-6 (W.D. Ky. June 20, 2016); Osborne v. Pinsonneault, 2009 WL 1046008 (W.D. Ky. Apr. 20, 2009); Roach v. Hughes, 2016 WL 9460306, at *7 (W.D. Ky. Mar. 9, 2016).

**B. Medically Necessary and Casually Related Medical Expenses**

Defendant seeks to exclude from evidence any unauthenticated medical bills and summaries of medical expenses. Defendant argues that before showing or mentioning summaries or bills for medical expenses to the jury, the Plaintiff must present competent evidence that each of the expenses was medically necessary and were causally related to the subject accident.

Relevant to this case is the definition of "medical expense" as described in KRS § 304.39-020(5)(a), which provides:

> "Medical expense" means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, licensed ambulance services, and other remedial treatment and care. "Medical expense" may include non-medical remedial treatment rendered in accordance with a recognized religious method of healing. The term includes a total charge not in excess of one thousand dollars ($1,000) per person for expenses in any way related to funeral, cremation, and burial. It does not include that portion of a charge for a room in a hospital, clinic, convalescent or nursing home, or any other institution engaged in providing nursing care and related services, in excess of a reasonable and customary charge for semi-private accommodations, unless intensive care is medically required. Medical expense shall include all healing arts professions licensed by the Commonwealth of Kentucky. *There shall be a presumption that any medical bill submitted is reasonable.*

KRS § 304.39-020(5)(a)(emphasis added.)

First, in as much as Plaintiff suggests that pursuant to KRS § 304.39-020(5)(a) the burden of proof shifts to Defendant once Plaintiff submits the medical bills in question, the Court disagrees. The Kentucky Court of Appeals previously addressed this issue in Masterson v. Siemens Indus., Inc., 2014 WL 5489304, at *2 (Ky. App. Oct. 31, 2014):

> Masterson [the plaintiff] also contends that the trial court erroneously denied his Motion for a Directed Verdict on the issue of medical expenses. . . . He [] asserts that, once the medical bills were admitted into evidence, Kentucky Revised Statutes (KRS) 304.39–020(5)(a) requires that the defendant rebut the presumption that the bills were reasonable in amount and reasonably necessary. Tharpe v. Illinois Nat. Ins. Co., 199 F.R.D. 213 (W.D. Ky. 2001).
>
> Kentucky Rules of Evidence 301 provides that:
>
> In all civil actions and proceedings when not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.
>
> In other words, it was up to Masterson to convince the jury of the validity of the medical bills and that they were a direct result of the accident at issue. The jury was not persuaded by the evidence and we find no reason to overturn that verdict.

Masterson, 2014 WL 5489304, *2. "Medical expenses must not only be reasonable but they must be incurred as a result of the accident and when the evidence is not conclusive, a jury is not required to accept the medical bills submitted by the plaintiff." Morgan v. Morgan, 2006 WL 3040019, at *2 (Ky. App. Oct. 27, 2006)(citing Thompson v. Piasta, 662 S.W.2d 223 (Ky. App. 1983)). In other words, "[t]he statutory presumption does not remove from the jury the ability to weigh the evidence and testimony and decide whether the medical expenses are reasonable and

incurred as a result of the accident." Morgan, 2006 WL 3040019, *2. See also Rogers v. Counts, 2008 WL 2219774, at *2–3 (Ky. App. May 30, 2008).

Second, Defendant argues that *before* showing or mentioning summaries or bills for medical expenses to the jury, the Plaintiff must present competent evidence that each of the expenses was medically necessary and were causally related to the subject accident. Plaintiff represents that at the trial of this matter both Plaintiff and Dr. Bronner will testify that the injuries sustained by Plaintiff and the bills incurred were a result of the May 2015 accident. This evidence is competent evidence. See also Cervetto v. Powell, 2016 WL 9460456, at *5–6 (W.D. Ky. June 20, 2016)(quoting Osborne v. Pinsonneault, 2009 WL 1046008 (W.D. Ky. Apr. 20, 2009)("At the trial, Plaintiff may testify that she received medical treatment from a medical provider related to the injuries she allegedly sustained in the accident and she can submit the bill she received from that medical provider."). While the Defendant clearly intends to challenge Plaintiff's evidence that all the medical expenses incurred after the May 2015 accident were medically necessary and were casually related to the subject accident, this challenge is better left to cross-examination of Plaintiff and his treating physician. As noted above, "it is the sole responsibility of the jury to weigh the evidence and judge the credibility of all the witnesses." Rogers v. Counts, 2008 WL 2219774, at *2–3 (Ky. Ct. App. May 30, 2008).

For the reasons set forth above, the motion in limine by Defendant is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Liberty Mutual Group, Inc., to exclude unauthenticated medical bills and summaries [DN 33] is **DENIED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

February 1, 2018