# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:16CV-00642-JHM**

**KING JOSEPH X**  **PLAINTIFF**

**V.**

**LIBERTY MUTUAL GROUP, INC.**  **DEFENDANT**

## ORDER

This matter is before the Court on motions in limine and objections to depositions by Plaintiff, King Joseph X [DN 34]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

On May 9, 2015, Plaintiff was injured in a car accident when the car in which he was riding was hit by another vehicle. At the time of the accident, Plaintiff was the passenger in a vehicle that was insured under a policy of insurance issued by Defendant that contained underinsured motorist (UIM) coverage. Plaintiff was treated at Jewish Hospital with complaints of head, neck, and back pain. Plaintiff received PIP benefits paid by Defendant. Plaintiff settled his claim against the driver that caused the accident and his insurance company, Nationwide, for the policy limits of $25,000. Plaintiff then made a demand for the underinsured motorist coverage "policy limits" against Defendant on February 16, 2016. After reviewing Plaintiff's medical records, Defendant denied the claim. As a result of the denial of the UIM benefits, Plaintiff filed the current action.

## II. PLAINTIFF'S MOTIONS IN LIMINE

### A. Plaintiff's Criminal Record

The motion by Plaintiff to preclude the Defendant from mentioning in the presence of the

jury that Plaintiff has been arrested or convicted of a crime is **GRANTED IN PART AND DENIED IN PART**.

The record reflects that Plaintiff was charged with heroin distribution and tampering with physical evidence for events that occurred on August 6, 2016. On October 26, 2017, Plaintiff entered a guilty plea to Trafficking in a Controlled Substance – Heroin and Tampering with Physical Evidence. A sentencing hearing was set for December 20, 2017. Both parties agree that the evidence of Plaintiff's past arrests and convictions is not properly admissible to establish Plaintiff's character pursuant to Fed. R. Evid. 404 and Fed. R. Evid. 608.

However, Defendant contends that if Plaintiff testifies during the trial, evidence that he has been convicted of a felony within the past 10 years would be admissible for the purpose of reflecting on his credibility. Fed. R. Evid. 609. Defendant also seeks to introduce evidence that Plaintiff has been unable to work and earn income during the past two years because he was incarcerated and under indictment to rebut Plaintiff's claim that he has lost wages as a result of the injuries from a motor vehicle accident. Finally, Defendant argues that evidence that Plaintiff has earned his income from selling heroin is admissible to rebut his claim that the accident caused a reduction in his earned income.

First, Fed. R. Evid. 609(a)(1)(A) provides that when "attacking a witness's character for truthfulness by evidence of a criminal conviction[] for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence[ ] must be admitted, subject to Rule 403, in a civil case [.]" Rule 403 states a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Felony convictions are presumptively admissible for purposes of impeachment subject to the dictates of Rule 403." Thomas v. McDowell, 2014 WL 5305501, at *7 (S.D. Ohio Oct. 15, 2014). Here, Plaintiff was convicted of one count of trafficking heroin and one count of tampering with physical evidence which satisfy Rule 609(a)(1)(A)'s requirements. The Court must determine whether evidence of his convictions is admissible under Rule 403.

"'Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully,' United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005), and reflects the 'proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath,' Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993) (citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987))." Thomas v. McDowell, 2014 WL 5305501, at *7 (S.D. Ohio Oct. 15, 2014). In further examining the probative value of conviction evidence, the Court examines "the degree to which the evidence is logically probative of untruthfulness and the extent to which this credibility evidence is needed, given the context in which that evidence is offered." 28 Fed. Prac. & Proc. Evid. § 6134 (2d ed.) For example, many courts have concluded that crimes of impulse, or simple narcotics or weapons possession are "not highly probative of credibility." Thomas, 2014 WL 5305501, at *7 (S.D. Ohio Oct. 15, 2014).

In the present case, the Court finds that in the context of an UIM motorist claim, the fact that Plaintiff has been convicted of heroin trafficking and tampering with physical evidence is not highly probative of credibility. Additionally, the Court concludes that the probative value of the disclosure of these convictions is substantially outweighed by the unfair prejudice. Evidence that Plaintiff has been convicted of trafficking heroin or tampering with the evidence may induce the jury to refrain from finding in favor of Plaintiff or to award less damages than incurred

3

because the jury does not want to award money to a drug dealer or addict. Furthermore, the facts underlying the tampering with physical evidence charge involves evidence that when officers approached the Plaintiff's vehicle he threw a knotted plastic bag out the front passenger window. As correctly noted by Plaintiff, this action would not include an aspect of dishonesty or falseness. KRS § 524.100; Fed. R. Evid. 609(a)(2).

Accordingly, pursuant to Fed. R. Evid. 609(a) and Fed. R. Evid. 403, the Plaintiff's motion to exclude his criminal convictions is **GRANTED**.

Second, Defendant seeks to introduce evidence that Plaintiff has been unable to work and earn income during the past two years because he was incarcerated and under indictment to rebut his claim that he has lost wages as a result of the injuries from a motor vehicle accident. Assuming Plaintiff makes a claim for lost wages during the time of his incarceration, the fact that he was incarcerated and unable to work might be relevant to impeach his claim of lost wages, depending on the length of the incarceration. The length of Plaintiff's incarceration will be discussed further at the pretrial hearing. Again, the Plaintiff's status as a convicted felon is not admissible, nor shall the reason for Plaintiff's incarceration be disclosed to the jury.

Third, Defendant argues that evidence of Plaintiff's felony convictions is relevant to his claim for lost wages. Defendant maintains that the Plaintiff did not suffer lost wages as a result of the accident because he supplemented his income with his heroin distribution. Even if this evidence was somehow relevant, the probative value of it is substantially outweighed by the unfair prejudice. The Court addresses this argument below in further detail.

### B. Plaintiff's Marijuana Use

The motion by Plaintiff to preclude the introduction of Plaintiff's marijuana use is **GRANTED**. Defendant does not intend to offer evidence or comment regarding Plaintiff's

marijuana use.

### C. Impeachment of Plaintiff – Prior Criminal Conviction

The motion by Plaintiff to preclude the impeachment of Plaintiff through prior criminal convictions pursuant to Fed. R. Evid. 609 is **GRANTED** consistent with the discussion set forth above.

### D. Collateral Source Doctrine

Plaintiff moves to prohibit Defendant from stating that any of Plaintiff's losses have been paid by a collateral source. Kentucky's collateral source rule "precludes courts from reducing a plaintiff's medical damages based on insurance payments made for [his] care, so long as the associated premiums were paid by the plaintiff [himself] or a third party other than the tortfeasor." Fulcher v. United States, 2014 WL 7375557, at *4 (W.D. Ky. Dec. 29, 2014) (citing O'Bryan v. Hedgespeth, 892 S.W.2d 571, 576 (Ky. 1995)). In Baptist Healthcare Systems, Inc. v. Miller, "the Kentucky Supreme Court stated that the collateral source rule 'allows the plaintiff to (1) seek recovery for the reasonable value of medical services for an injury, and (2) seek recovery for the reasonable value of medical services without consideration of insurance payments made to the injured party.'" Dossett v. Wal-Mart Stores East, Ltd. Partnership, 2016 WL 183923, *1 (W.D. Ky. Jan. 14, 2016)(quoting Baptist Healthcare Systems, Inc. v. Miller, 177 S.W.3d 676, 682 (Ky. 2005)). In response, Defendant represents that it does not intend to offer evidence or comment that Plaintiff has received collateral source benefits. Accordingly, the motion in limine is **GRANTED**.

### E. Burden of Proof

Plaintiff seeks to exclude any evidence or argument concerning the burden of proof. Defendant objects arguing that the authorities cited by Plaintiff are limited to state court actions

and are procedural in nature. Kentucky law provides that juries are not to be instructed on the burden of proof in a civil case. See Utilities Appliance Co. v. Toon's Adm'r, 45 S.W.2d 478, 479 (Ky. 1932)("[T]he jury should not be told specifically upon whom the burden rests."). However, under Kentucky law, the instructions are to "be framed so as to approximately indicate which litigant has the affirmative burden of persuasion." Rankin v. Blue Grass Boys Ranch, Inc., 469 S.W.2d 767, 773 (Ky. 1971). Palmore's Kentucky Instructions to Juries, § 13.11[F] ("[I]t is necessary for the instructions to reflect that the burden of proof by requiring that the jury be convinced of a certain fact in order to find in favor of the party whose burden it is to prove it is so . . . .").

While aware of this case law, the Court's practice in diversity cases is to instruct the jury on the preponderance of the evidence standard. The Court recognizes that the allocation of the burden of proof is a matter governed by state law. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)(the federal court is to apply state substantive law in a diversity case); Safeco Ins. Co. of America v. City of White House, Tennessee, 191 F.3d 675, 681 (6th Cir. 1999). However, the Court is of the view that the form or manner of giving the instruction is controlled by federal law. See Broadcast Satellite Intern, Inc. v. National Digital Television Center, Inc., 323 F.3d 339, 347 (5th Cir. 2003) (citing Turlington v. United States Fidelity & Guar., 795 F.2d 434, 439, 441 (5th Cir. 1986)); King v. Ford Motor Co., 209 F.3d 886, 897 (6th Cir. 2000)("In a diversity action, state law determines the substance of the jury instructions; however, questions regarding the propriety of the instructions are governed by federal procedural law."). See also Asher v. Unarco Material Handling, Inc., 2008 WL 6808437, *1 (E.D. Ky. October 15, 2008)(denying plaintiffs' motion in limine to preclude mention of the burden of proof); Harman v. Sullivan University System, Inc., 2006 WL 861269, *2 (W.D. Ky. March 29, 2006)(same); Niles v.

Owensboro Med. Health Sys., Inc., 2011 WL 3205369, at *2–3 (W.D. Ky. July 27, 2011).

For these reasons, the motion by Plaintiff to exclude any evidence or argument concerning the burden of proof is **DENIED**.

**F. Evidence of Effect of a Damage Award on Plaintiff**

Plaintiff moves to exclude any reference to, suggestion of, or evidence demonstrating that a damages award "will not undo any injuries and harm" caused by the Defendant or the tortfeasor, including any suggestions that a damage award will act as a windfall for the Plaintiff. Plaintiff argues this evidence would be irrelevant and prejudicial. The motion is **GRANTED IN PART AND DENIED IN PART**.

Defendant objects to Plaintiff's motion arguing that if the evidence supports an inference that Plaintiff was not significantly injured in the subject accident, it would certainly be within the bounds of reasonable argument to suggest that he is not entitled to recover damage from Defendant. The Court agrees with Defendant. The Defendant is not prohibited from arguing at trial that Plaintiff's request for damages is excessive or disproportional to the injuries and harm suffered by Plaintiff and recovery of such would be a windfall. However, the Court will not permit an argument that the damage award "will not undo any injuries and harm caused" by the accident.

**G. Evidence and/or Reference to Frivolous Lawsuits and/or Tort Reform**

Plaintiff seeks to exclude any reference to, suggestion of, or evidence demonstrating frivolous lawsuits or the need for reform of the tort system pursuant to Fed. R. Evid. 401 and 403. Defendant agrees to limit the evidence and argument to matters at issue in the case at bar, rather than other lawsuits in general. Defendant objects to the prohibition of defense counsel from describing the Plaintiff's claim in this case as "frivolous." The motion in limine is

**GRANTED IN PART AND DENIED IN PART**.

Defendant is prohibited from arguing to the jury that this case is an example of why tort reform should occur or from arguing that the claim asserted by Plaintiff is frivolous. The Court decides whether claims are frivolous as a matter of law. Fed. R. Civ. P. 12(b)(6). However, as discussed above, Defendant is not prohibited from arguing that the damages claimed by Plaintiff are excessive or disproportional to the injuries and harm suffered by Plaintiff.

### H. Employment of Counsel and Fees

Plaintiff seeks to exclude any references to, suggestion of, or evidence demonstrating the Plaintiff's retention of counsel and any agreements between Plaintiff and his counsel including, but not limited to, the timing of the engagement and fees pursuant to Fed. R. Evid. 401, 403, and 503. The Court will discuss this motion in limine below.

### I. Attorney-Client Communications

Any communications between Plaintiff and his attorney are protected and should not be introduced as evidence pursuant to Fed. R. Evid. 503. Defendant represents that it does not intend to offer evidence of any privileged communications. Accordingly, the motion is **GRANTED**.

### J. Other Incidents Involving Plaintiff

Plaintiff seeks to exclude pursuant to Fed. R. Evid. 401 and 403 any injuries sustained in prior accidents or trauma or any other past medical conditions not supported by medical testimony as causally related to Plaintiff's current symptoms or conditions. Plaintiff argues that there must be medical testimony that any prior history of trauma or medical conditions is somehow related to the injuries he suffered in the incident that is the subject matter of the litigation. In response, Defendant objects to this motion to exclude evidence of other incidents.

Defendant represents that the jury will be asked to determine whether the subject accident caused Plaintiff's claimed medical conditions, and evidence of other possible causes is admissible on that issue.

For the reasons set forth today in another Memorandum Opinion and Order, the motion in limine is **DENIED**. The 2014 automobile accident in which Plaintiff was involved is admissible. The Court is not aware of any other medical conditions or accidents that contributed to the injuries reported by Plaintiff. If the Defendant intends to introduce any other such medical conditions or accidents, the Defendant should raise this issue outside of the presence of the jury.

### K. Other Litigation involving Plaintiff

Plaintiff seeks to exclude any reference or evidence of the fact that Plaintiff was represented by counsel for past unrelated incidents. Plaintiff argues that the fact that Plaintiff has been represented by counsel when injured by the negligence of others or in other unrelated situations does not make any fact in the present case more likely than not. Additionally, Plaintiff argues that such evidence would be highly prejudicial. Defendant objects arguing that the evidence in this case will show that Plaintiff was pursuing a previous personal injury lawsuit at the time of the accident at issue in this case, and that he used the same lawyer, doctor, and injury claims in both cases in an effort to obtain duplicative damage awards.

The motion is limine is **GRANTED IN PART**. Whether or not Plaintiff was represented by the same counsel in the past has no relevance to the issues in the present case. The fact that Plaintiff was being treated for similar injuries from another automobile accident and the argument by defense counsel that the injuries claimed in this action were actually pre-existing are proper matters for cross-examination of Plaintiff and his treating physician.

**L. Commentary on Objections or Excluded Evidence**

Plaintiff requests the Court to instruct counsel that they may not suggest or imply to the jury by argument or otherwise that Plaintiff has sought to exclude certain matters from the jury consideration. Defendant represents that it does not intend to comment on the Court's rulings or refer to evidence that has been excluded. Accordingly, the motion is **GRANTED**.

**M. *Ex parte* statements**

Plaintiff seeks to exclude "any reference or suggestion as to the contents of any *ex parte* statements or report of any person not being there present in the court to testify and be cross-examined." (Motion at 6.) Assuming Plaintiff seeks by this motion to prohibit any hearsay statements, the motion is **GRANTED**.

**N. Failure to Call Equally Available Witnesses**

Plaintiff seeks to exclude any reference or suggestion that he has not called to testify any witness equally available to both parties in this case. In response, Defendant objects arguing that Plaintiff bears the burden of proof and his failure to produce evidence to satisfy that burden is fair game. This issue is better addressed at trial. Counsel should approach the bench before commenting on the failure of opposing counsel to call a witness.

**O. Unrelated claims, accidents, and injuries**

Plaintiff seeks to exclude any reference or suggestion that Plaintiff has had unrelated, prior, or subsequent claims, suits, or settlements or the amounts thereof. Further, Plaintiff once again seeks to exclude any reference or suggestion that Plaintiff has any other unrelated injuries, diseases, conditions, or illness, or the effects thereof, which are wholly disassociated from and do not relate to defense of the present claim.

Defendant objects arguing that Plaintiff's other personal injury claims, accidents, and

injuries are relevant and probative on the issue of injury causation and witness credibility.

The motion in limine is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's personal injury claim and recovery against the tortfeasor for the 2014 automobile accident is not relevant to injury causation or credibility, and the Court will not permit the Defendant to question any witnesses about the previous claim. However, as noted above, the fact that Plaintiff was being treated for similar injuries from another automobile accident and the argument by defense counsel that the injuries claimed in this action were actually pre-existing are proper matters for cross-examination of Plaintiff and his treating physician.

### P. Other Unrelated Injuries and Arguments Unsupported by Medical Evidence

The Court has previously addressed this motion in limine in the Memorandum Opinion and Order addressing DN 33.

### III. PLAINTIFF'S OBJECTIONS TO DEPOSITIONS

Plaintiff objects to portions of the deposition testimony of himself and Dr. Gregory Bronner. The Court assumes that the Plaintiff will testify at trial. Therefore, the Court will treat the objections to his deposition testimony as motions in limine to preclude certain evidence at the trial of this matter.

#### 1. Plaintiff's Prior Drug Distribution

Plaintiff moves to strike the line of questioning by defense counsel pertaining to Plaintiff's prior drug distribution. (King Joseph X Dep. at page 26, lines 2-4.) Specifically, defense counsel asked:

> Q. Have you received any money from the selling of drugs in the past two years?
> A. No, sir.

(King Joseph X Dep. at page 26.)

In response, Defendant represents that it does not intend to offer the deposition testimony unless Plaintiff gives inconsistent testimony at trial. The deposition testimony was given on May 17, 2017, and on October 26, 2017, Plaintiff entered a guilty plea to Trafficking in a Controlled Substance – Heroin and Tampering with Physical Evidence. Defendant contends that with the change of plea, Defendant agreed that the evidence was sufficient to convict him of selling drugs on August 5, 2016. Defendant maintains that evidence that Plaintiff has earned income from selling heroin is admissible to rebut his claim that he has not be able to earn any income since the accident. Furthermore, Defendant argues that the fact that Plaintiff gave false testimony during his deposition is probative of his credibility and relevant to his claim of lost earnings.

The Court **SUSTAINS** Plaintiff's objection to this question. For the reasons previously discussed, the Court will not permit Defendant to question Plaintiff regarding his felony convictions. Furthermore, the fact that Plaintiff was convicted of trafficking heroin does not prove one way or another that he received any money in exchange for the heroin and, therefore, the conviction has no relevance to his claim for lost earnings or probative of his credibility.

### 2. Plaintiff's Felony Charges

Plaintiff moves to strike the line of questioning by defense counsel pertaining to alleged heroin distribution and tampering with physical evidence. (Id. at page 27, lines 18 through 25; page 28, lines 1 through 25; and page 29, lines 1 through 20.) The Court has addressed the admissibility of this evidence above.

### 3. Dr. Bronner Deposition: Secondary Gain and Faking Injuries

Plaintiff moves to strike the line of questioning by defense counsel of Dr. Bronner pertaining to secondary gain and incentives to exaggerate an injury. (Gregory Bronner Dep. at

page 21, lines 15 through 25; page 22, lines 1 through 14; page 23, lines 1 through 17.)[1] The relevant portions of pages 21 and 22 of Dr. Bronner's deposition provides:

> Q What is secondary gain in the context of reporting personal injury symptoms?
> A I'm not a lawyer, so I don't know exactly what that term would mean.
> Q Have you ever heard the phrase "secondary gain?"
> A I've heard of it before.
> Q Do you know - - what is your understanding of what it means?
> A My opinion of what it means is that somebody is doing something not as a primary means, but as a secondary means of - - of obtaining something.
> Q What kind of things would a person want to obtain in that context?
> A On a secondary gain in a situation like this, I would assume that would be money.
> Q In your experience, does the fact that a person has a pending lawsuit have any effect on their complaints and reported symptoms?
> A Possibly.
> Q Doctor, is the possibility of getting money an incentive for some people to exaggerate their pain or to fail to tell the doctor about previous medical conditions?
> A Again, that may be true for some people.

(Bronner Dep. at 21-22).

Plaintiff argues that this line of questioning is irrelevant to the current suit and could be misconstrued by the jury to apply to Plaintiff. Plaintiff argues that Dr. Bronner did not even know what secondary gain was. Plaintiff contends that allowing the Defendant to present this part of the record is not only irrelevant, but prejudicial.

The Court **OVERRULES** Plaintiff's objection to this line of questioning. Defendant responds that this testimony was elicited on cross-examination to rebut Dr. Bronner's direct examination in which he testified that his opinions were based on Plaintiff's reported symptoms and complaints. Dr. Bronner is an expert who deals with patients on a daily basis with different

---

[1] The Court shall address page 23, lines 1 through 17 with the next objection.

motivations for seeking treatment from a physician. Whether Plaintiff needed additional medical care after the May 2015 accident from Dr. Bronner is relevant to the Plaintiff's damage claim.

**4. Dr. Bronner Deposition: Corporate Earnings, Medical Billing, Advertising Decisions, Referrals, and Forms Signed by Plaintiff**

Plaintiff moves to strike the following line of questioning by defense counsel of Dr. Bronner related to: (a) Louisville Injury Clinics as a corporation, information on its stockholder, and how much income was received[2]; (b) how much Dr. Bronner and Louisville Injury Clinics were paid for the treatment of Plaintiff's injuries[3]; (c) Louisville Injury Clinics' advertising decisions[4]; (d) Louisville Injury Clinics' referral process and the method by which they are paid[5]; and (e) Louisville Injury Clinics' referral process and various forms the Plaintiff signed during his treatment[6]. Plaintiff also seeks to exclude the exhibits related to the above questions[7] and any references to, suggestion of, or evidence demonstrating the Plaintiff's retention of counsel and any agreements between Plaintiff and his counsel including, but not limited to, the timing of the engagement and fees.

Plaintiff argues that this evidence has no relevance in this action and is prejudicial. Plaintiff contends that Defendant attempted a fishing expedition into Dr. Bronner and Louisville Injury Clinics' business practices, records, and dealings at the deposition. Plaintiff maintains that these issues are completely irrelevant to Plaintiff's injuries or the medical expenses that Dr. Bronner's clinic charged for Plaintiff's care. In response, Defendant argues that the jury is entitled to consider Dr. Bronner's income derived from litigation-related services, his financial

---

[2] Bronner Dep. at page 23, lines 1 through 25; page 24, lines 1 through 15; page 25, lines 6 and 7; page 26, lines 10 through 14, 24 through 25; and page 27, lines 1 through 3.
[3] Bronner Dep. at page 27, lines 9 through 18.
[4] Bronner Dep. at page 28, lines 14 through 25; page 29, lines 5 through 7.
[5] Bronner Dep. at page 30, lines 5 through 25; page 31, lines 1 through 25; page 33, lines 18 through 20.
[6] Bronner Dep. at page 34, lines 1 through 25; page 35, lines 1 through 15.
[7] Bronner Dep. at Exhibit 4: Standard Marketing Agreement; Exhibit 5: Attorney Letter of Protection; Exhibit 6: Authorization to sue for PIP Benefits; Exhibit 7: Adams Legal Group, Medical Release Authorization.

agreements with Plaintiff and Plaintiff's attorney, the method by which he obtains clients through advertising and referrals, and the timing of Plaintiff's engagement of his attorney in order to gauge Dr. Bronner's bias, access the credibility of Plaintiff, and determine the extent to which their testimony may be believed. The parties should be prepared to address these issues at the pretrial conference.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions in limine and objections to depositions by Plaintiff, King Joseph X [DN 34] is **GRANTED IN PART AND DENIED IN PART** consistent with this opinion. The parties shall be prepared to address the identified portions of these motions and objections at the pretrial conference in this matter.

cc: counsel of record

                                                      **Joseph H. McKinley, Jr., Chief Judge**
                                                      **United States District Court**

February 1, 2018