# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00642-JHM

KING JOSEPH X                                                                                              PLAINTIFF

V.

LIBERTY MUTUAL GROUP, INC.                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a bill of costs submitted by Plaintiff King Joseph X requesting the Court to tax costs in the amount of $1,724.90 against the Defendant Liberty Mutual Group, Inc. [DN 60] pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Defendant filed objections to Plaintiff's bill of costs [DN 61]. Fully briefed, this matter is ripe for decision.

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). See Ford v. FedEx Supply Chain Servs., Inc., 2009 WL 1585849, *1 (W.D. Tenn. June 3, 2009) ("[T]here is "a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d)."). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." Roll v. Bowling Green Metal Forming, LLC., 2010 WL 3069106, *1 (W.D. Ky. Aug. 4, 2010) (citing BDT Prods., Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 420 (6th Cir. 2005), overruled on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560 (2012)). In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### 1. Cost of Plaintiff's Deposition Transcript

Plaintiff included $129.75 in his Bill of Costs for the cost of obtaining a copy of a transcript of his own discovery deposition. Defendant objects to this cost because Plaintiff did not utilize the deposition during trial and because Defendant previously paid for the original transcript of the deposition.

The Court finds that the fee requested by Plaintiff for the cost of the transcript copy of his own deposition is properly taxable.

First, § 1920(2) authorizes taxation of the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Simply because a deposition was not used or read into the record at trial does not mean that a deposition was not necessary." Hartford Financial Services Group, Inc. v. Cleveland Public Library, 2007 WL 963320, *4 (N.D. Ohio March 28, 2007). As noted by the Sixth Circuit, "'[o]rdinarily, the costs

of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.'" Sutter v. General Motors Corp., 100 Fed. Appx. 472, 475 (6th Cir. 2004) (quoting Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989)).

Second, once Defendant took the deposition of Plaintiff or his witnesses, it would be reasonably necessary for Plaintiff to obtain a copy of the transcript. See, e.g., McInnis v. Town of Weston, 458 F. Supp. 2d 7, 22 (D. Conn. 2006); Crane-McNab v. County of Merced, 2011 WL 794284, *2 (E.D. Cal. Mar. 1, 2011)("Since plaintiffs could have used the depositions to impeach those witnesses at trial, it was reasonably necessary for defendant to obtain a copy of the transcripts."). In fact, "modern discovery practices and trial preparation virtually require that a party obtain copies of the depositions of its own employees and witnesses that are taken by its opponents." Longo v. Chao, 2008 WL 2783509, *3 (W.D. Tex. 2008)(citation omitted). For these reasons, the Court finds that it was reasonably necessary for Plaintiff to obtain a copy of his deposition noticed by Defendant.

**2. Cost of Deposition Transcript Exhibits Not Utilized During Trial**

Plaintiff included $124.95 in his Bill of Costs for the costs of obtaining copies of the exhibits that were attached to his own expert's deposition. Defendant objects to recovery of this cost arguing that Plaintiff did not utilize those exhibits during trial.

The Court finds that the copying fee for the exhibits utilized in the trial deposition of Dr. Gregory Bronner is properly taxable. The exhibits were a part of the trial deposition of Dr. Bronner and were necessarily obtained for use in the case for the reasons discussed above. 28 U.S.C. § 1920. Furthermore, while not conclusive in determining whether the documents were necessarily obtained for use in the case, both the deposition and some of the exhibits were utilized

by the Plaintiff in the presentation of Dr. Bronner's deposition at trial despite Defendant's argument to the contrary.

### 3. Attendance Fee for Dr. Bronner

Plaintiff included $1,000.00 in his Bill of Costs for the attendance of his expert at a deposition. Defendant objects to recovery of this cost noting that under 28 U.S.C. § 1821(b), the most that can be recovered as costs for the attendance of a witness is $40.00 per day.

The Court finds that the fee requested by Plaintiff for the attendance of Dr. Bronner is not properly taxable. Although a court may tax fees and disbursements for printing and witnesses under § 1920(3), it is well established that the hourly rate or set fee charged by experts is not recoverable under § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987); L & W Supply Corp. v. Acuity, 475 F.3d 737, 740 (6th Cir. 2007). Therefore, based on the witness fee form submitted by Plaintiff, the Court finds that Plaintiff is entitled to recover $40.00 for the attendance fee of Dr. Bronner at his deposition.

For the reasons set forth above, **IT IS HEREBY ORDERED** that costs are awarded in favor of Plaintiff and against Defendant in the amount of $764.90.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 4, 2018